**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Shelby Briley and Danny Thomas (Trey) Argo,
Defendants,

Of whom Shelby Briley is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2016-002127

───────────────

Appeal From Greenwood County
John M. Rucker, Family Court Judge

───────────────

Unpublished Opinion No. 2017-UP-235
Submitted May 19, 2017 – Filed May 31, 2017

───────────────

**AFFIRMED**

───────────────

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Carson McCurry Henderson, of The Henderson Law Firm, PC, of Greenwood, for the Guardian ad Litem.

---

**PER CURIAM:** Shelby Briley (Mother) appeals the family court's order terminating her parental rights to her minor child (Child). The family court determined clear and convincing evidence supported termination of parental rights (TPR) on the following statutory grounds: (1) Child was harmed, and because of the severity or repetition of the abuse or neglect, it was not reasonably likely Mother's home could be made safe within twelve months; (2) Child lived in foster care for fifteen of the most recent twenty-two months; and (3) Child lived outside of Mother's home for at least six months, and Mother failed to remedy the conditions that caused his removal. Additionally, the family court concluded TPR was in Child's best interest. On appeal, Mother argues the family court erred in (1) finding her parental rights should have been terminated and (2) giving any weight to the Guardian ad Litem's (GAL's) recommendation. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court that the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and also finding TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (Supp. 2016). The grounds for TPR must be proven by clear and convincing evidence. *Dep't of Soc. Servs. v. Mrs. H*, 346 S.C. 329, 333, 550 S.E.2d 898, 901 (Ct. App. 2001); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). The TPR statute "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship." S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence shows Mother harmed Child, and due to the severity or repetition of the abuse or neglect, it was not reasonably likely the home could be made safe within the next twelve months. *See* § 63-7-2570(1)

(providing a statutory ground for TPR is met when "[t]he child or another child while residing in the parent's domicile has been harmed . . . and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"). First, clear and convincing evidence shows Child was harmed in Mother's home. *See* S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2016) ("'[H]arm' occurs when the parent . . . engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."). Larry Rice, a DSS investigator, testified law enforcement informed him Child had multiple bruises. Rice observed and photographed bruising on Child's head, face, back, and thigh. Thereafter, the family court made a finding of physical abuse against Mother and placed her on the Central Registry for Abuse and Neglect (the Central Registry). Additionally, Mother pled guilty to unlawful neglect of a child and was sentenced to six years' imprisonment, suspended to two years' probation.

Further, based on the severity and repetition of the harm, we find clear and convincing evidence shows it was not reasonably likely Mother's home could be made safe for Child within twelve months. Mother admitted Child had behavioral problems while he was under her care. The photographs of Child's bruising show multiple bruises to Child's body—including his face and head. After obtaining a mental health assessment, Mental Health made several recommendations to Mother, including anger management counseling, to help her learn how to appropriately deal with her anger. Although Mother claimed she attended some of the anger management meetings, she testified she had not received a letter or certificate showing completion of this program and admitted the last time she went to Mental Health was "last year." Trieneke Thomas, a DSS foster care worker, testified Mother failed to follow Mental Health's recommendations. Therefore, because of Mother's failure to adequately address her anger issues, we find clear and convincing evidence supports this statutory ground for TPR.

Additionally, we find clear and convincing evidence shows Child was in foster care for fifteen of the most recent twenty-two months preceding the TPR hearing. *See* § 63-7-2570(8) (providing a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"); *S.C. Dep't of Soc. Servs. v. Sims*, 359 S.C. 601, 608, 598 S.E.2d 303, 307 (Ct. App. 2004) ("A finding pursuant to [subsection (8)] alone is sufficient to support [TPR]."); *but see Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 102 n.8, 627 S.E.2d 765, 773 n.8 (Ct. App. 2006) (noting there may be circumstances "where this statutory ground would not support [TPR] despite the passage of a fifteen month stay in foster care"). Child was removed

from the home on October 4, 2013, and at the time of the TPR hearing, Child had been in foster care for approximately thirty-two months.

We find Mother's reliance on *Charleston County Department of Social Services v. Marccuci*, 396 S.C. 218, 721 S.E.2d 768 (2011), is misplaced. In *Marccuci*, DSS delayed bringing the initial merits removal hearing for approximately eighteen months, making "it impossible for the parties to regain legal custody of [child] prior to the expiration of the fifteen month period." *Id.* at 227, 721 S.E.2d at 773. Our supreme court concluded "this case represent[ed] an 'instance[] where this statutory ground would not support termination of parental rights.'" *Id.* at 226, 721 S.E.2d at 773 (quoting *Jackson*, 368 S.C. at 102 n.8, 627 S.E.2d at 773 n.8).

Here, rather than DSS erecting road blocks making it impossible for Mother to regain legal custody of Child, the delay in reunification was caused by Mother's inability to provide a safe and suitable home for Child. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) (explaining section 63-7-2570(8) may be used to sever parental rights when it is in the best interest of a child and "the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected"). Mother failed to complete any portion of her treatment plan by the May 22, 2014 permanency planning hearing. Although Mother worked on her treatment plan following this hearing, DSS could not safely reunify Child with her because of her failure to complete anger management counseling and additional recommendations from Mental Health. Therefore, we find clear and convincing evidence supports this ground for TPR.[1]

We also find TPR is in Child's best interest.[2] In a TPR case, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C.

---

[1] We decline to address the remaining statutory ground. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating an appellate court does not need to address a TPR ground if it finds clear and convincing evidence supports another TPR ground).

[2] Although this issue was not raised in Mother's brief, we address it because it impacts a minor child. *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) ("[P]rocedural rules are subservient to [this] court's duty to zealously guard the rights of minors."); *Ex parte Roper*, 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) ("[W]here the rights and best interests of a minor child are

129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ." S.C. Code Ann. § 63-7-2510 (2010). "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50.

Viewed from Child's perspective, we find TPR is in Child's best interest. Child was removed from Mother's home after DSS observed multiple bruises on Child's body—including his head, face, back, and thigh. Following a mental health assessment, it was recommended that Mother attend anger management counseling to help her learn how to appropriately deal with anger. Although Mother claimed she attended some of the anger management meetings, she testified she had not received a letter or certificate showing completion of this program and admitted the last time she went to Mental Health was "last year." Thomas testified Mother failed to follow Mental Health's recommendations. Because of Mother's failure to adequately address her anger issues, we find Mother is unable to provide a safe home for Child.

Further, Child has been in foster care since October 4, 2013, and has lived with his current foster family for approximately two years. Although Mother visited Child approximately once a month, Thomas noted there was "no real communication or bonding" during those visits. Conversely, Thomas and the GAL testified Child considered his foster family to be his family and described their relationship as bonded. Child's foster mother expressed her desire to adopt Child and believed her family could provide an appropriate home for Child. Therefore, in the interest of permanency, safety, and future stability, we find TPR is in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 329, 742 S.E.2d 697, 700 (Ct. App. 2013) ("[T]his court has considered future stability when determining whether TPR is in a child's best interest."); *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005) ("Parents have a fundamental interest in the care, custody, and management of their children. . . . However, a child has a fundamental interest in terminating parental

---

concerned, [this] court may appropriately raise, ex mero motu, issues not raised by the parties.").

rights if the parent-child relationship inhibits establishing secure, stable, and continuous relationships found in a home with proper parental care.").

Finally, we find Mother's argument regarding the family court's consideration of the GAL's recommendation is unpreserved for appellate review. *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (declining "to exercise [its] discretion to avoid application of the procedural bar"); *Jackson*, 368 S.C. at 104-05, 627 S.E.2d at 775 (finding father's claim that TPR violated his right to due process was not preserved for appellate review because the issue was not raised to or ruled upon by the family court). Although Mother examined the GAL and questioned the thoroughness and independence of the GAL's investigation, Mother did not request the family court to exclude the GAL's recommendation in making its decision. Therefore, we find this issue unpreserved.

Based on the foregoing, the decision of the family court is

**AFFIRMED.**[3]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.